UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MICCOSUKEE TRIBE OF INDIANS OF
FLORIDA,

        Plaintiff(s)/Movant(s),

v.

CASE NO.: 98-06056-CIV

SOUTH FLORIDA WATER MANAGEMENT
DISTRICT and SAM POOLE,

DISTRICT JUDGE LENARD
MAGISTRATE SIMONTON

        Defendant(s)/Respondent(s).

_____/

FRIENDS OF THE EVERGLADES, INC.,

        Plaintiff(s)/Movant(s),

v.

CASE NO.: 98-6057-CIV

DISTRICT JUDGE LENARD
MAGISTRATE SIMONTON

SOUTH FLORIDA WATER MANAGEMENT
DISTRICT,

        Defendant(s)/Respondent(s).

_____/

## MEMORANDUM IN OPPOSITION TO PLAINTIFF FRIENDS OF THE EVERGLADES' MOTION TO STAY [D.E. 90] PLAINTIFF'S MOTION FOR ATTORNEYS' FEES FOR THE APPEAL TO THE UNITED STATES SUPREME COURT [D.E. 79]

Defendant, South Florida Water Management District (SFWMD), responds to Plaintiff Friends of the Everglades, Inc.'s Motion to Stay [D.E. 90] its own Motion for Attorney's Fees For The Appeal To The United States Supreme Court [D.E. 79]:



## PROCEDURAL BACKGROUND

SFWMD incorporates the Procedural Background set forth in its response to Plaintiff's Motion For Attorney's Fees For The Appeal Before The Supreme Court [D.E. 83] which Plaintiff now seeks to stay [D.E. 90]. In opposition, the SFWMD argues that Plaintiff has prematurely filed its motion for appellate fees with this, the wrong, court and that the motion should therefore be denied without prejudice. D.E. at 6. Alternatively, the SFWMD moved to strike the motion for wholesale violations of Local Rule 7.3. D.E. 83 at 7.

On October 4, 2004, the Supreme Court denied a virtually identical motion for appellate fees without prejudice "to filing in the United States Court of Appeals for the Eleventh Circuit." Plaintiff then filed another, third motion for appellate fees. This time it was with the Court of Appeals. That motion is again virtually identical the motion denied by the Supreme Court and the one filed with this court, that Plaintiff now seeks to stay.

SFWMD has opposed the fee motion filed with the court of appeals on its merits (i.e. SFWMD not Plaintiff successfully achieved vacatur from the Supreme Court) and because it was filed before the conclusion of the appellate process. The Eleventh Circuit may ultimately determine which party prevailed on appeal, at which time a motion to establish the proper

Friends of the Everglades v. SFWMD
Case No.: 98-6057-CIV-Lenard/Simonton

amount of fees may become ripe for filing with this court.  Otherwise, it will

not be until the final conclusion of the case that any party can fairly declare

themselves "prevailing."  That may take years.

## ARGUMENT

### The Untimely Motion Should Be Dismissed Not Stayed.

Plaintiff's motion to stay its own appellate fees motion, by its very

nature, concedes our assertion that it was filed prematurely.  The Plaintiff

claims confusion over the proper filing procedures its excuse.   , Plaintiff

urges an interminable stay rather withdrawing the motion until it is ripe.

Plaintiff's confusion is no reason to stay this court's ruling.  Nor is

there any other legal or administrative reason to leave it open.  This Court

may ultimately be asked to determine entitlement or the amount of fees.

But now is acknowledged not to be the proper time.  In the interim, the

motion should be denied without prejudice to be raised if it ever becomes

proper.

Plaintiff will not be prejudice by denial of the motion.  It has asked the

court of appeals to determine its entitlement to appellate fees.  If a

favorable ruling is obtained, the matter will be remanded for a

determination by this court as to the proper amount.  Alternatively, the court

of appeals may defer attorney's fee issues until a prevailing party is

Friends of the Everglades v. SFWMD
Case No.: 98-6057-CIV-Lenard/Simonton

ultimately determined.  Either way, Plaintiff will have the opportunity, at the proper time, to document its claim and the SFWMD will then have an opportunity to conduct discovery and present its objections.  Everyone will have a fair opportunity to be heard.

**If The Fee Motion is Not Denied, It Should Be Stricken Not Stayed.**

Nor has Plaintiff given any reason not to rule upon the SFWMD's motion to strike based upon Local Rule 7.3 [D.E. 83].   Plaintiff has improperly attempted to cure its local rule violations by attaching new documents to its reply brief [D.E. 85], documents which themselves raise serious questions. For example, Plaintiff attached a purported attorney's fee agreement that was entered well after the fact, on July 14, 2004. Those submissions are insufficient to correct Plaintiff's errors and plainly filed in a manner designed to preclude the District a fair opportunity to challenge them.

The SFWMD has requested discovery to determine the underlying facts surrounding Plaintiff's claimed fees, the veracity of Plaintiff's representations and in order to make proper and complete objections.  D.E. 83 at 7.   If the fee motion is neither denied nor striken, that opportunity should be provided without unnecessary delay.

Friends of the Everglades v. SFWMD
Case No.: 98-6057-CIV-Lenard/Simonton

For these reasons along with those set forth in the Motion to Strike [D.E. 83 at 7], the entire appellate fees submission, if not properly denied outright, should be stricken.  There is no justification for a stay.

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been furnished via U.S. Mail this 12nd day of November, 2004, to **John E. Childe, Esq.**, 606 Pine Road, Palmyre, PA 17078 and **Dexter W. Lehtinen, Esq.**, Lehtinen, Vargas, Reiner & Reidi, PA, 7700 North Kendall Drive, Suite 303, Miami, FL 33156-7559.

Respectfully submitted,

Sheryl G. Wood, General Counsel

By: _____
　　　James E. Nutt
　　　Florida Bar No.: 874868
　　　So. Fla Water Management District
　　　3301 Gun Club Road, MSC 1410
　　　West Palm Beach, FL  33406
　　　Tel:  (561) 682-6253
　　　Fax: (561) 682-6276
　　　jnutt@sfwmd.gov