UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-06056-CIV-LENARD/TORRES

**MICCOSUKEE TRIBE OF INDIANS
and FRIENDS OF THE EVERGLADES,
INC.,**

    Plaintiffs,

vs.

**SOUTH FLORIDA WATER
MANAGEMENT DISTRICT and
CAROL ANN WEHLE,**

    Defendants.
_____/

## ORDER STAYING PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE

**THIS CAUSE** is before the Court upon a sua sponte review of the record. Plaintiffs filed the initial Complaint in this matter on January 21, 1998 (D.E. 1) before Judge Wilkie D. Ferguson, Jr., alleging that the pumping facility run by Defendant South Florida Water Management District (SFWMD) was required to obtain a discharge permit under the National Pollutant Discharge Elimination System (NPDES). On May 11, 1998, Judge Ferguson issued an Order consolidating the above-captioned case with Case No. 98-6057-CIV-FERGUSON. (D.E. 22.) On September 30, 1999, Judge Ferguson issued an Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment (D.E. 125), finding that the pumping facility at issue was required to obtain an NPDES permit, and enjoining the pumping of water without a permit.

On October 7, 1998, Judge Ferguson issued an Order staying execution of judgment as to the injunction. (D.E. 129.) This stay was later extended pending final determination of an appeal or receipt of an NPDES permit. (D.E. 142.) On October 19, 2000, Defendant filed a Notice of Appeal with the Eleventh Circuit Court of Appeals. (D.E. 158.) On February 1, 2002, the Eleventh Circuit Court of Appeals issued a mandate vacating the District Court's injunction but affirming the need for Defendant SFWMD to obtain an NPDES permit. (D.E. 174 at 2.) On June 27, 2003, the Supreme Court granted certiorari review. (Id.) On May 21, 2004, the Supreme Court issued a mandate vacating the judgment of the Eleventh Circuit Court of Appeals and remanding the case for further development of the record to resolve the dispute over the validity of the distinction between two bodies of water, labeled C-11 and WCA-3. South Florida Water Management Dist. v. Miccosukee Tribe of Indians, 541 U.S. 95, 112 (2004).

On June 14, 2004, this case was reassigned from the docket of Judge Ferguson to the docket of this Court. (D.E. 171.) In the interim, on April 8, 2002, Plaintiff Friends of the Everglades, along with Plaintiff Fishermen Against Destruction of the Environment filed Case No. 02-80309-CIV before Judge Donald M. Middlebrooks against Defendant SFWMD, similarly alleging that Defendant was required to obtain NPDES permits for three of its pumping stations. (CASE NO. 02-80309-CIV-MIDDLEBROOKS, D.E. 1.) On October 2, 2002, Judge Middlebrooks issued an Order Granting Motion to Intervene by Defendant U.S. Sugar Corp. (CASE NO. 02-80309-CIV-MIDDLEBROOKS, D.E. 23.) On December 9,

2002, Judge Middlebrooks issued an Order consolidating his case with Case No. 02-80918-CIV-MIDDLEBROOKS. (D.E. 39.) Also on December 9, 2002, Judge Middlebrooks issued an Order Granting Motion to Intervene by Plaintiff Miccosukee Tribe of Indians. (CASE NO. 02-80309-CIV-MIDDLEBROOKS, D.E. 40.) On May 12, 2003, the consolidated case was transferred to Judge Cecilia M. Altonaga. (CASE NO. 02-80309-CIV-ALTONAGA, D.E. 77.) On July 1, 2003, Judge Altonaga issued an Order Granting Joint Emergency Motion for Immediate Stay of Proceedings and Administratively Closing the Case (CASE NO. 02-80309-CIV-ALTONAGA, D.E. 147) pending the Supreme Court's decision in South Florida Water Management Dist. v. Miccosukee Tribe of Indians. Judge Altonaga found that the issue presented in both cases was whether an NPDES permit under the Clean Water Act was required in order to operate pumps that did not themselves add pollutants to U.S. waters, but pumped water from sources containing preexisting pollutants. (Id. at 2.) Thus, as the decision in the case before the Supreme Court would likely dispose of the entire matter before her, Judge Altonaga found that judicial economy and the interests of justice would be promoted by a stay. (CASE NO. 02-80309-CIV-ALTONAGA, D.E. 147 at 2-3.)

On November 24, 2004, the Eleventh Circuit issued a mandate in Case No. 98-6056-CIV-LENARD, vacating the district court's summary judgment Order and remanding to this Court for further proceedings consistent with the Supreme Court's March 23, 2004 opinion. (D.E. 174.) On January 21, 2005, Judge Altonaga issued an Order reopening Case No. 02-80309-CIV. (CASE NO. 02-80309-CIV-ALTONAGA, D.E. 179.) Beginning on January 9,

2006, the Parties in that case participated in a bench trial before Judge Altonaga. (CASE NO. 02-80309-CIV-ALTONAGA, D.E. 551.)  Such trial concluded on April 20, 2006. (CASE NO. 02-80309-CIV-ALTONAGA, D.E. 600.)  On December 11, 2006, Judge Altonaga issued an Order Setting Forth Findings of Fact and Conclusions of Law (CASE NO. 02-80309-CIV-ALTONAGA, D.E. 636), finding that the SFWMD's operation of three pumping stations without an NPDES permit was in violation of the Clean Water Act, but deferring final judgment on the remedy pending further briefing concerning the entry of a permanent injunction. (Id. at 106.)  On February 6, 2007, Judge Altonaga issued an Order Denying Defendant SFWMD's Motion for Interlocutory Appeal and Stay (D.E. 647), finding that the resolution of any discernible question at that point in the litigation would not advance the ultimate termination of the litigation, and that Defendant SFWMD would be free to take an appeal after the remedies phase had been completed. (Id. at 2-3.)  Judge Altonaga estimated that the entire remedies phase would last approximately three months. (Id. at 3.)

A district court's decision to stay proceedings is within its sound discretion. Ortega Trujillo v. Conover & Co. Communications, 221 F.3d 1262, 1264 (11th Cir. 2000).  "[A] district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interest of justice.  An appeals court should reverse a district court's stay order only when the stay is 'immoderate.'" Hines v. D'Artois, 531 F.2d 726, 733 (5th Cir. 1976).[1]  See also Clinton v. Jones, 520 U.S. 681, 706 (1997) (explaining that a district

---

[1] The decisions of the former Fifth Circuit are binding in teh Eleventh Circuit as of the close of business on September 30, 1981. Bonner v. City of Prichard, 661, F.2d 1206, 1209 (11th Cir. 1981.)

court has "broad discretion to stay proceedings as an incident to its power to control its own docket"); Landis v. North American Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). To determine whether a stay would be "immoderate," including "[w]hen a district court exercises its discretion to stay pending the resolution of a related case in another forum," Ortega, 221 F.3d at 1264, "the scope of the stay (including its potential duration) and the reasons cited by the district for the stay" are analyzed. Id. Thus, a court must frame a stay in its inception so that "its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." Id. (quoting Landis, 299 U.S. at 257).

In light of the procedural history detailed above, the Court finds that it is extremely likely that an appeal is forthcoming in Case No. 02-80309-CIV-ALTONAGA, which is much further along in its proceedings than the instant case. The Court further reaffirms Judge Altonaga's holding that these cases both present the issue of whether an NPDES permit under the Clean Water Act is required in order to operate pumps that do not themselves add pollutants to U.S. waters, but which pump water from sources containing preexisting pollutants. (See CASE NO. 02-80309-CIV-ALTONAGA, D.E. 147 at 2.)  Given the extensive similarities between the issues in this case and that of Case No. 02-80309-CIV-ALTONAGA, the Court finds that the resolution of an appeal in the latter case would have a direct impact on the outcome of the instant case. This is especially true if the Parties once

again appeal the Circuit Court's resolution of these issues to the Supreme Court. The Court thus finds that the interests of justice and judicial economy, including avoiding inconsistent results, the duplication of efforts, and the waste of judicial resources, will be promoted by granting a stay of this proceeding.

The Court is mindful, however, of the Eleventh Circuit's admonition against granting stays of indefinite duration. In light of the uncertainty regarding the timing of the commencement, let alone the conclusion, of the appeals process in Case No. 02-80309-CIV-ALTONAGA, the Court shall exercise the considerable discretion at its disposal in managing its docket to fashion the instant stay such that its force will be spent within reasonable limits. Accordingly, the Court hereby enters a stay in the instant case for a duration of one year or until the conclusion of the appeals process in Case No. 02-80309-CIV-ALTONAGA, whichever is sooner. At the conclusion of one year, such stay will expire by its own terms. Sixty (60) days prior to the expiration of such stay at the conclusion of one year, the Parties shall file a joint status report in the instant case regarding the status of Case No. 02-80309-CIV-ALTONAGA and submit memoranda in the instant case as to their respective positions on whether or not any further stay should issue. At that point, the Court will consider the Parties submissions and reassess the propriety of any further stay by written Order.[2] Cf. Trujillo, 221 F.3d at 1264 n.3 (holding a stay remaining in effect until the resolution of related proceedings indefinite in scope, despite the district court's requirement of status

---

[2] In the event of the conclusion of Case No. 02-80309-CIV-ALTONAGA without appeal, the Court shall provide thirty (30) days for either side to file a Motion to Lift Stay and Reopen Case.

reports every three months, because the district court would not be guaranteed to reassess the propriety of the stay and could instead ignore the reports and leave the stay in effect); Landis, 299 U.S. at 257 (holding that "an order which is to continue by its terms for an immoderate stretch of time is not to be upheld as moderate because conceivably the court that made it may be persuaded at a later time to undo what it has done"). Further, because the issues in the remaining motions pending before this Court will likely be altered by any decision from the Eleventh Circuit or the Supreme Court, all such motions shall be denied without prejudice.

Accordingly, it is:

**ORDERED AND ADJUDGED** that:

1. This case shall be **STAYED for a duration of one year from the date of this Order or until the conclusion of the appeals process in Case No. 02-80309-CIV-ALTONAGA, whichever is sooner**. Sixty (60) days prior to the expiration of such stay at the conclusion of one year, the Parties shall file a joint status report in the instant case regarding the status of Case No. 02-80309-CIV-ALTONAGA and submit memoranda in the instant case as to their respective positions on whether or not any further stay should issue.[3]

2. This case is now **ADMINISTRATIVELY CLOSED**.

3. All pending motions not otherwise ruled upon are hereby **DENIED without**

---

[3] In the event of the conclusion of Case No. 02-80309-CIV-ALTONAGA without appeal, the Court shall provide thirty (30) days for either side to file a Motion to Lift Stay and Reopen Case.

**prejudice**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of March, 2007.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

cc:   U.S. Magistrate Judge Edwin G. Torres

  All Counsel of Record

  **Case No.98-6056-CIV-LENARD/TORRES**